**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ONITY MORTGAGE CORPORATION**
**formerly known as PHH Mortgage Corporation,**

**Plaintiff,**

**v.** **1:26-CV-719**
**(FJS/PJE)**

**RICHARD D. WILSON, SOUTHWORTH-MILTON, INC., GLENS FALLS HOSPITAL, THE PEOPLE OF THE STATE OF NEW YORK, FORT ANN TOWN COURT, NEW YORK STATE DEPARTMENT OF TAXATION, and JOHN DOE #1 through JOHN DOE #12,**

**Defendants.**[1]

---

**APPEARANCES** **OF COUNSEL**

**ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC** **SARA Z. BORISKIN, ESQ.**
900 Merchants Concourse, Suite 310 **ORIT AVRAHAM, ESQ.**
Westbury, New York 11590
Attorneys for Plaintiff

**NO APPEARANCES FOR DEFENDANTS**

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER AND JUDGMENT OF FORECLOSURE AND SALE**

---

[1] Plaintiff has affirmed that Defendants John Doe #1 through John Doe #12 have "not . . . been served with copies of the Summons and Complaint [and] are neither necessary nor proper party defendants . . . ." *See* Dkt. No. 18-1, Proposed Judgment of Foreclosure and Sale, at 7. Therefore, the Court terminates those John Doe Defendants from this case.

## I. INTRODUCTION

Pending before the Court is Plaintiff's motion for default judgment and entry of a judgment of foreclosure and sale. *See* Dkt. No. 18.

## II. BACKGROUND

On or about December 23, 2006, Defendant Wilson executed a note to Fidelity Mortgage, a Division of Delta Funding Corporation, for $114,400.00. *See* Dkt. No. 1, Complaint, at ¶ 13(a) & Exhibit "C" attached thereto. On that same date, Defendant Wilson executed a Mortgage in the principal amount of $114,400.00 and interest to Mortgage Electronic Registration Systems, Inc. as nominee for Fidelity Mortgage. *See id.* & Exhibit "D" attached thereto. This Mortgage was recorded on March 26, 2007, in Washington County. *See id.* This Mortgage was assigned to Plaintiff by Assignment of Mortgage. *See* Complaint at ¶ 13(b) & Exhibit "E" attached thereto. Thereafter, said loan was modified and a Modification Agreement was executed on or about May 3, 2025. *See* Complaint at ¶ 14 & Exhibit "F" attached thereto.

Plaintiff brought this action against Defendants to foreclose a mortgage on real property designated as **36 Ethan Allen Street, Fort Edward, New York 12828-1130**, which is located in Washington County, New York. *See* Complaint at ¶ 1. The total balance secured by said mortgage is **$217,258.09**, comprised of the following amounts: (1) the principal amount of **$204,074.18** (unpaid principal balance & deferred principal balance), (2) interest from May 1, 2025 to May 12, 2026, at 3.00% per annum in the amount of **$6,251.04**; (3) late charges in the amount of **$57.96**; (4) total escrow advances in the amount of **$6,032.41**; (5) property inspection in the amount of **$300.00**; (6) property valuation fee/BPO in the amount of **$125.00**; and (7) Title Search Expenses in the amount of **$417.50**. *See* Dkt. No. 18-5, Affirmation of Claribel Lopez, at 6. Plaintiff also requests an award of costs and disbursements ("Bill of Costs") in the amount of

**$1,330.00**, *see* Dkt. No. 18-18, and an award of attorney's fees in the amount of **$6,800.00**, *see* Dkt. No. 18-20 at ¶ 5.

Plaintiff filed a Notice of Pendency containing all the particulars required by law in the Office of the Clerk of the Northern District of New York on July 1, 2026, *see* Dkt. No. 18-14, and in the Washington County Clerk's Office on May 4, 2026, *see* Dkt. No. 18-3 at 8 (citing Exhibit "I").

Plaintiff served Defendants with the summons and complaint, *see* Dkt. Nos. 5-10, and their time to answer or otherwise appear with regard to the complaint has expired and has not been extended by consent or order of this Court. Plaintiff requested a Clerk's Entry of Default against Defendants on June 9, 2026, which the Clerk entered on June 10, 2026. *See* Dkt. Nos. 14-15. A Notice of Default was sent to the Mortgagor(s) and the default was not cured. *See* Dkt. No. 18-5, Affirmation of Claribel Lopez, at ¶ 11. Ninety-day notices were sent to the Mortgagor(s) pursuant to RPAPL § 1304. *See id.* at ¶¶ 12-13. Defendant Wilson is not in the military service nor is he an infant or incompetent person. *See* Dkt No. 18-3 at 8 & Exhibit G attached thereto. Finally, Plaintiff states "[t]his is an action to foreclose on a mortgage encumbering the property commonly known as 36 Ethan Allen Street, Fort Edward, New York 12828. *See* Complaint at ¶ 1 & Exhibit "A" attached thereto (legal description of subject property).

## III. DISCUSSION

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. *See* Fed. R. Civ. P.

55(a) (providing that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . .[and] (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases[.]" Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing that "[t]he motion pursuant to Fed. R. Civ. P. 55(b)(2), shall include a memorandum of law pursuant to Local Rule 7.1 and a proposed order. The moving party shall also include in its application an affidavit of the moving party or the moving party's attorney setting forth facts as required by L.R. 55.2(a)").

**A. Liability**

By failing to answer, Defendants are deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)). However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief." *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-cv-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

Based on the allegations in the Complaint, the Court finds that Plaintiff has established Defendants' liability.

**B. Damages**

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2); *Fustok*, 873 F.2d at 40); *see also Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, the Court finds that it is not necessary to hold an evidentiary hearing because damages are calculable based on the detailed affidavits and documentary evidence that Plaintiff

has provided. Thus, the Court grants Plaintiff's motion for entry of a default judgment as follows:

| | |
|---|---|
| Principal Balance: | $204,074.18 |
| Interest (from 05/01/2025 to 5/12/2026) | 6,251.04 |
| Late Charges | 57.96 |
| Total Escrow Advances | 6,032.41 |
| Additional Costs | 842.50 |
| **Total due as of May 12, 2026** | **$217,258.09**[2] |

Plus additional interest accruing on this amount from May 12, 2026, at a rate of 3.00% per annum, through the date of entry of judgment, as well as an award of attorney's fees in the amount of **$6,800.00** and a "Bill of Costs" in the amount of **$1,330.00**.

## IV. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendants, *see* Dkt. No. 18, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded judgment against Defendants in the amount of **$217,258.09** with interest continuing thereon at the rate of **3.00% per annum** to the date of entry of judgment and, thereafter, interest on this amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a) and an award of attorney's

[2] "Total Escrow Advances" are comprised of 2026 Taxes ($2,741.99), 2025 Insurance ($3,291.54), and Escrow Payments/Credits ($1.12). "Additional Costs" are comprised of Property Inspections ($300.00), Property Valuation Fee/BPO ($125.00), and Title Search Expenses ($417.50).

fees in the amount of **$6,800.00** and costs and disbursements ("Bill of Costs") in the amount of **$1,330.00**[3] and the Court further

**ORDERS** that Plaintiff's motion for entry of Judgment of Foreclosure and Sale*, see* Dkt. No. 18, is **GRANTED**; and the Court further

**ORDERS** that the mortgaged property described in the complaint, as hereinafter set forth being more commonly known as **36 Ethan Allen Street, Fort Edward, New York 12828-1130**, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by New York Real Property and Proceedings Law ("RPAPL") § 1351 be sold in one parcel, subject to the following: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing

---

[3] With regard to Plaintiff's request for costs and disbursements, Local Rule 54.1(a) provides in pertinent part as follows:

> [t]he party entitled to recover costs set forth in 28 U.S.C. § 1920 shall file . . . a verified bill of costs on **the forms that the Clerk provides**, together with an affidavit verifying that (1) the items claimed in the Bill of Costs are correct; (2) the costs have been necessarily incurred in this case; and (3) the services for which the fees have been charged were actually and necessarily performed, and a Certificate of Service. The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs [for which] it seeks reimbursement.

N.D.N.Y. L.R. 54.1(a) (emphasis added).

The Court notes that Plaintiff's counsel did not use the "forms that the Clerk provides" when submitting Plaintiff's verified bill of costs. *See* Dkt. No. 18-18. However, Plaintiff's counsel did provide the necessary documentation to support Plaintiff's request for such costs and disbursements. Therefore, the Court will not require Plaintiff's counsel to refile Plaintiff's verified bill of costs on the appropriate form. However, the Court advises Plaintiff's counsel that, in the future, if he does not comply fully with Local Rule 54.1(a) when seeking to recover costs and disbursements, the Court will deny any such request.

violations and order of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments, at a public auction to be held at the steps of the Washington County Courthouse, 383 Broadway, Supreme Court, Fort Edward, NY 12828, by and under the direction of Jordan Austin, 6 Green Harbour Ct., Lake George, NY 12845 (518) 801-7678, who is hereby appointed Referee to sell the mortgaged premises; that said Referee give public notice of the time and place of said sale in accordance with RPAPL § 231 in the **Glens Falls Chronicle**; and the Court further

**ORDERS** that the Referee shall cause to be sent by mail a copy of the Notice of Sale to the owner of equity redemption at his/her last known address and at the property address as well as upon Defendants Southworth-Milton, Inc., Glens Falls Hospital, the People of the State of New York, Fort Ann Town Court, and New York State Department of Taxation, and an affidavit of such service shall be filed with the Court **at least ten (10) days prior to the scheduled sale**; and the Court further

**ORDERS** that the Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately execute Terms of Sale for the purchase of the premises and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and the Court further

**ORDERS** that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject premises or fails to immediately pay the ten percent (10%) deposit as required, the premises shall immediately and on the same day be reoffered at auction; and the Court further

**ORDERS** that the closing of title shall take place at the office of the Referee or at such location as the Referee shall determine and the closing of title and filing of the Referee's deed shall be made within thirty (30) days after such sale unless otherwise stipulated by the parties; and the Court further

**ORDERS** that the Referee shall deposit all funds received pursuant to this Judgment of Foreclosure and Sale in the Referee's IOLA account; and the Court further

**ORDERS** that the Referee on receiving the proceeds of such sale shall cause to be paid promptly therefrom:

**FIRST:** The statutory fees and commissions of the Referee pursuant to CPLR § 8003(b) in the amount of **$750.00**. In the event a scheduled sale is cancelled or postponed with less than 24 hours' notice by a person or entity other than the Referee, pursuant to CPLR § 8003(a), Plaintiff shall pay to the Referee the sum of **$250.00** for each adjournment or cancellation. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. The Judgment of Foreclosure and Sale constitutes the necessary prior authorization for compensation as set forth herein. No compensation totaling in excess of **$1,100.00**, including compensation authorized pursuant to CPLR § 8003(a) for computation of the sum due to Plaintiff, may be accepted by the Referee without this Court's approval.

**SECOND:** The reasonable expenses of the sale, including the cost of advertising as shown on the bills presented and certified by the Referee to be correct, copies of which shall be annexed to the Report of Sale. The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed.

**THIRD:** Pursuant to RPAPL § 1354 in accordance with their priority according to law, all taxes, assessments, sewer rents, water rates and any other charges placed upon the premises by any municipal authorities having priority over the foreclosed mortgage and which are liens on the premises at the time of sale, with such interest or penalties that lawfully may have accrued thereon to the date of payment.

**FOURTH:** as limited herein, to Plaintiff or its attorneys

**(a)** the sum of **$1,330.00** for costs and disbursements in this action to be taxed by the Clerk with interest from the date hereof;

**(b)** the sum of **$217,258.09**, the amount approved by the Court as due, together with interest thereon pursuant to the terms of the Note from May 12, 2026, the date to which interest was calculated in Claribel Lopez's affirmation, through the date of entry of this Judgment of Foreclosure and Sale, and thereafter from the date of entry of this Judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and

**(c)** the sum of **$6,800.00** hereby awarded to Plaintiff as reasonable legal fees as provided for in the Mortgage;

and the Court further

**ORDERS** that, in the event Plaintiff purchases the mortgaged premises at the sale, the Referee shall not require Plaintiff to pay in cash the entire amount bid at the sale but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the Referee of the sum awarded under the above provisions marked "FIRST," "SECOND," and "THIRD," if such expenses were paid by the Referee, or in lieu of the payment of the last mentioned amounts, upon filing with the Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee shall be allowed to Plaintiff and applied by the Referee upon the amounts due to Plaintiff as specified in the above provision marked "Fourth." If upon applying the balance of

the amount bid, there is a surplus over and above the amounts due to Plaintiff, then upon delivery to Plaintiff of the Referee's deed, Plaintiff shall pay to the Referee the amount of such surplus, which amount shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3), and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the premises to RPAPL § 1354(3), which payment shall be reported in the Referee's Report of Sale; and the Court further

**ORDERS** that the Referee shall deposit any surplus monies with the Clerk of the Court, to the credit of this action, within five (5) days after the same shall be received and ascertainable, unless such period is deemed extended by filing of an application for additional compensation, to be withdrawn only on the order of a Judge of this Court; and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by Plaintiff at the time of sale; and the Court further

**ORDERS** that the Referee shall make the Referee's Report of Sale under oath showing the disposition of the proceeds of the sale accompanied by the vouchers of the person(s) to whom payment was made and file it with this Court within thirty (30) days after completing the sale and executing the proper conveyances to the purchaser or within thirty (30) days of a decision of this Court with regard to any application for additional compensation; and the Court further

**ORDERS** that the Referee shall complete the Foreclosure Action Surplus Monies Form to be filed by Plaintiff herein; and the Court further

**ORDERS** that, if the proceeds of the sale are insufficient to pay the amount reported by the Referee as due to Plaintiff, the Referee shall specify the amount of such deficiency in the Report of Sale; and Plaintiff may apply to the Court to recover the whole or such part of the deficiency as prescribed by RPAPL § 1371; and the Court further

**ORDERS** that the purchaser(s) at the foreclosure sale be let into possession of the premises upon production of the Referee's deed; and the Court further

**ORDERS** that Defendants in this action, and all persons claiming under any of them after the filing of the Notice of Pendency of this action, be and hereby are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the mortgaged premises and each and every part thereof; and the Court further

**ORDERS** that the terms of sale to the extent they do not contradict this Judgment or violate any law, shall be binding in all respects on the purchaser; and the Court further

**ORDERS** that the premises be sold in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in RPAPL § 1354, and any equity of redemption of the United States of America to redeem the premises within one hundred twenty (120) days from the date of sale. Risk of loss shall not pass to purchaser until closing of title; and the Court further

**ORDERS** that, by accepting this appointment, the Referee certifies that she is in compliance with Part 36 of the Rules of the Chief Judge of the State of New York, including but not limited to 22 NYCRR § 36.2(c) ("Disqualifications from appointment"), and 22 NYCRR § 36.2(d) ("Limitations on appointments based upon compensation"); and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Judgment of Foreclosure and Sale with notice of entry no less than thirty (30) days prior to sale upon the Referee, the owner of the equity of redemption as of the date of this Judgment of Foreclosure and Sale, any tenants named in this action, and any other party entitled to notice; and the Court further

**ORDERS** that Plaintiff shall deliver a copy of this Judgment to the Washington County Clerk and said Clerk shall record a copy of this Judgment against the land records for the subject property.

**IT IS SO ORDERED.**

Dated: September 3, 2026
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

**SCHEDULE A - LEGAL DESCRIPTION**

ALL THAT TRACT OF LAND SITUATE IN THE TOWN OF FORT EDWARD, WASHINGTON COUNTY, NEW YORK DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE SOUTH LINE OF ETHAN ALLEN STREET IN THE TOWN OF FORT EDWARD WHICH POINT IS 150 FEET WESTERLY FROM THE INTERSECTION OF THE SOUTH LINE OF ETHAN ALLEN STREET AND THE WEST LINE OF BURGOYNE AVENUE IN SAID TOWN; THENCE WESTERLY ALONG THE SOUTHERLY SIDE OF ETHAN ALLEN STREET 100 FEET TO A PIPE; THENCE SOUTHERLY AT RIGHT ANGLES TO ETHAN ALLEN STREET 130 FEET TO A PIPE; THENCE EASTERLY ABOUT 27.38 FEET TO THE WEST LINE OF LANDS OF ARTHUR PHELPS; THENCE NORTHEASTERLY ALONG THE WEST LINE OF LANDS OF ARTHUR PHELPS, FRANK PATTEE; AND NORMAN AND ETHAL FINN WHICH LINE IS PARALLEL WITH THE 150 FEET WESTERLY FROM THE WEST LINE OF BURGOYNE AVENUE, TO THE SOUTH LINE OF ETHAN ALLEN STREET ABOUT 148 FEET AND TO THE POINT OF BEGINNING.